SETH PERKINS *vs.* DANIEL W. EMERSON.

*Vessel—mortgage of, where to be recorded.*

Before a vessel is registered or enrolled, a mortgage of it will be valid if recorded agreeably to the laws of the State.

After it is registered or enrolled, a mortgage of it will not be valid against any person other than the mortgager, his heirs and devisees, and persons having actual notice thereof, unless recorded as required by the laws of the United States.

ON REPORT.

REPLEVIN of Sloop Emma, of Bangor, built during the year 1869.

Plea, general issue, with brief statement alleging that the property belonged to the defendant.

The plaintiff relied upon a mortgage to him from one Perkins, her builder, dated July 6, 1869 (the sloop being then incomplete and on the stocks), and recorded in the city clerk's office at Bangor, Aug. 11, 1869.

The sloop was launched in August 1869, and licensed Aug. 6, 1869, in the name of Joseph H. Perkins, as owner; and nothing appeared in the custom-house showing any incumbrance against her at the time of purchase by the defendant.

The sloop was sold to the defendant for a full consideration Aug. 15, 1870, by said Perkins, and no evidence was produced showing or tending to show that the defendant had notice of said mortgage except the record of the city clerk's office.

If the action can be maintained the case to stand for trial.

*Hersey*, for the plaintiff.

*Andrews*, for the defendant.

WALTON, J.  This is an action of replevin for a sloop, and the question is whether the plaintiff or the defendant has the better title.

The plaintiff claims title by virtue of a mortgage, dated July 6, 1869; and the defendant by purchase, Aug. 15, 1870. The question is whether the plaintiff's mortgage was duly recorded.

By the laws of this State a mortgage of personal property may be recorded in the office of the town or city clerk where the mortgager resides. By an act of congress passed July 29, 1850, mortgages of vessels are to be recorded in the office of the collector of customs where the vessel is registered or enrolled; and if not so recorded they will not be valid against any person other than the mortgager, his heirs and devisees, and persons having actual notice thereof.

It was held, however, in *Foster* v. *Perkins*, 42 Maine, 168, that the act of congress does not apply to vessels in process of construction not yet entered for registry or enrollment; that mortgages on vessels thus situated are valid if recorded agreeably to the laws of the State. Of the correctness of that decision there can be no doubt. In that case the controversy was between the mortgagee and one who had attached the vessel; both the mortgage and the attachment being made while the vessel lay upon the stocks, and before she had been entered for registry or enrollment. Not so in this case. Here the controversy is between the mortgagee and one who, for a full consideration, purchased the vessel after she had been enrolled. The question is not, therefore, whether a mortgage recorded agreeably to the laws of the State is valid before the vessel is enrolled, but whether it will continue to be valid after such enrollment. Upon this point, in the case above cited, the court expressly declined to express an opinion. (See close of paragraph near top of page 175.)

We think it will not. Before registry or enrollment a vessel, like any other article of personal property, is subject to the laws of the State. After registry or enrollment it comes under the operation of the laws of the United States. Before the vessel is registered or enrolled, a mortgage of it will be valid if recorded agreeably to the laws of the State. After it is registered or enrolled, a mortgage of it will not be valid unless recorded as required by the

Perkins *v.* Emerson.

laws of the United States. To hold otherwise would go far to defeat the very object which the registry laws of the United States were intended to secure.

In this case, the plaintiff's mortgage, though made a few days before, was not recorded till after the vessel was enrolled. It was then recorded in the office of the clerk of the city of Bangor. It should have been recorded in the office of the collector of the customs where the vessel was enrolled. Not being thus recorded, it was not valid against the defendant, unless he had actual notice of it. This the case fails to show. On the contrary, the report states that "no evidence was produced showing or tending to show that the defendant had notice of said mortgage except said record at the city clerk's office." If the mortgage had been legally recorded there, the record would have been what is called constructive notice to every one; but such constructive notice is not actual notice; nor is it in contemplation of law equivalent to actual notice.

The plaintiff's mortgage not having been duly recorded, and the defendant being a *bona fide* purchaser without actual notice of its existence, our conclusion is that the defendant has the better title, and is entitled to judgment, and an order for a return of the vessel replevied, the damages, if any, to be assessed by a judge at *nisi prius.*                    *Judgment for defendant, and a*
                    *return of the vessel replevied.*
                              *Damages to be assessed at nisi prius.*

APPLETON, C. J.; CUTTING, KENT, DICKERSON, and DANFORTH, JJ., concurred.